IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02151-BNB

STEVIE BROWN,

    Applicant,

v.

SHERIFF KIRK TAYLOR, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER TO FILE PRE-ANSWER RESPONSE

    As part of the preliminary consideration of the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) filed on September 4, 2012, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate.  Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response.  Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

    In support of the Pre-Answer Response, Respondents should attach as exhibits

all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Finally, the Court notes that, although Applicant names Sheriff James Biecker as a Respondent in the caption of the habeas corpus application filed on September 4, 2012, it appears that Applicant currently is confined at the Pueblo County Detention Center and that the custodian of that facility is Sheriff Kirk Taylor. (*See* ECF No. 4 at 9.) The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, the Court has substituted Sheriff Kirk Taylor as a Respondent in this action. If Sheriff Taylor is not the appropriate Respondent, he should advise the court who the proper Respondent is and move for a substitution of party. Accordingly, it is

ORDERED that Sheriff Kirk Taylor is substituted as a Respondent for Sheriff James Biecker. It is

FURTHER ORDERED that **within twenty-one (21) days from the date of this**

**Order** Respondents shall file a Pre-Answer Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED September 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge