IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02151-BNB

STEVIE BROWN,

      Applicant,

v.

SHERIFF KIRK TAYLOR, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Stevie Brown, initiated this action by filing *pro se* a pleading (ECF No. 1) in which he appeared to be challenging the validity of a state court criminal conviction.  On September 4, 2012, Mr. Brown filed on the proper form an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) challenging the validity of his conviction and sentence in Fremont County District Court case number 11CR6.

      On September 6, 2012, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise either or both of those defenses in this action.  On October 11, 2012, Respondents filed a Pre-Answer Response (ECF No. 14).  On October 24, 2012, Mr. Brown filed a reply (ECF No. 15) to the Pre-Answer Response.

The Court must construe the application liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

On February 23, 2012, Mr. Brown agreed to plead guilty to enticement of a child. (*See* ECF No. 14-1 at 3, 7.) On May 3, 2012, he was sentenced to an indeterminate term of 10 years to life on probation. (*See id.* at 6.) The parties agree that Mr. Brown did not file a direct appeal and he has not initiated any postconviction proceedings in state court challenging the validity of his conviction or sentence.

Mr. Brown initiated the instant action on August 15, 2012. He asserts six claims for relief in the application filed on September 4, 2012. Those claims are the following:

1. His right to due process was violated because the prosecution altered text messages on which the charges against him were based.

2. His right to due process was violated because the trial court refused to recognize his motion to dismiss that was premised on the prosecution's alteration of the text messages.

3. His right to bail was violated because the trial court imposed a no-bond hold after he agreed to plead guilty.

4. He was subjected to false imprisonment when he was arrested for failure to appear at a hearing of which he had no notice.

5. His right to due process was violated because his public defender coerced him to waive his right to a preliminary hearing.

6. Counsel provided ineffective assistance by failing to challenge the altered records used in discovery, failing to investigate, failing to use evidence to mitigate during the sentencing phase, and preventing Mr. Brown from reviewing discovery.

2

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  However, Respondents do raise the affirmative defense of exhaustion of state court remedies.  More specifically, Respondents contend that Mr. Brown has failed to exhaust state remedies for any of his claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that Mr. Brown has failed to exhaust state remedies.  As noted above, Mr. Brown did not file a direct appeal after he was sentenced, and he has not sought postconviction relief in state court.  However, Mr. Brown argues in the application that his claims in this action are not appealable in state court, and he argues in his reply to the Pre-Answer Response that he should be allowed to pursue his claims in federal court because he is actually innocent and a failure to consider his claims will result in a fundamental miscarriage of justice.  The Court is not persuaded.

Mr. Brown's conclusory assertion that his claims are not appealable does not demonstrate those claims cannot be raised and exhausted in state court in a postconviction proceeding.  Similarly, even if the Court assumes Mr. Brown could demonstrate actual innocence, *see Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"), Mr. Brown fails to present any argument that would justify raising an actual innocence claim in a federal habeas corpus action when the claim still could be presented in state court in a postconviction proceeding.

For these reasons, the Court concludes that Mr. Brown fails to demonstrate he

has exhausted state remedies for any of his federal constitutional claims in this action. As a result, the action must be dismissed.

Mr. Brown also has filed a Motion to Stay Execution of Sentence (ECF No. 13) that will be denied as moot.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 4) are denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that the Motion to Stay Execution of Sentence (ECF No. 13) is DENIED as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of _____October_____, 2012.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court