IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02151-LTB

STEVIE BROWN,

    Applicant,

v.

SHERIFF KIRK TAYLOR, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Applicant, Stevie Brown, has filed *pro se* on November 9, 2012, a "Motion for Reconsideration" (ECF No. 18) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 30, 2012. The Court must construe the motion liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Brown's motion pursuant to Rule 59(e) because the motion was filed within

twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust state remedies.  The Court determined that Mr. Brown, who was sentenced on May 3, 2012, has failed to exhaust state remedies because he did not file a direct appeal and he has not initiated any postconviction proceedings in state court challenging the validity of his conviction or sentence.  Although Mr. Brown argued that he is actually innocent, the Court noted that Mr. Brown failed to present any argument that would allow him to pursue his claims in federal court when the claims still could be raised in state court in a postconviction proceeding.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Brown fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Court remains convinced that Mr. Brown has not fairly presented any claims to the Colorado appellate courts and, although Mr.

Brown continues to argue that he is actually innocent, he still fails to present any argument that would allow him to pursue his claims in federal court when the claims still could be raised in state court in a postconviction proceeding.  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that "Motion for Reconsideration" (ECF No. 18) filed on November 9, 2012, is DENIED.

DATED at Denver, Colorado, this  15th  day of    November   , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court